Matter of Borelli v Town of Clarkstown (2023 NY Slip Op 02607)

Matter of Borelli v Town of Clarkstown

2023 NY Slip Op 02607

Decided on May 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-03908
 (Index No. 31181/23)

[*1]In the Matter of Frank Borelli, et al., respondents,
v
Town of Clarkstown, et al., appellants.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for a judgment declaring that Local Law No. 1-2023 of the Town of Clarkstown is invalid, the respondents/defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated March 31, 2023. The order and judgment denied the respondents/defendants' motion, in effect, for summary judgment declaring that Local Law No. 1-2023 is valid, granted the petition, and declared that Local Law No. 1-2023 is invalid.
ORDERED that the order and judgment is reversed, on the law, without costs or disbursements, the respondents/defendants' motion, in effect, for summary judgment declaring that Local Law No. 1-2023 is valid is denied as academic, and the proceeding/action is dismissed as academic.
In March 2023, the petitioners/plaintiffs, two members of the Town Board of the Town of Clarkstown (hereinafter the Town Board), commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief following the enactment of Local Law No. 1-2023 of the Town of Clarkstown, which repealed Local Law No. 9-2014 of the Town of Clarkstown, which enacted Chapter 263 of the Code of the Town of Clarkstown (hereinafter Chapter 263). The respondents/defendants, the Town and the Town Board, moved, in effect, for summary judgment declaring that Local Law No. 1-2023 is valid.
In an order and judgment dated March 31, 2023, the Supreme Court denied the motion, granted the petition, and declared that Local Law No. 1-2023 is invalid. The Town and the Town Board appeal.
Here, the Supreme Court determined that Local Law No. 1-2023 is invalid because the Town Board did not have "a majority plus one vote" to repeal Chapter 263. However, as was determined in a related appeal, Chapter 263 is invalid and never went into effect (see Hoehmann v Town of Clarkstown, _____ AD3d _____ [decided herewith]). Accordingly, the instant proceeding/action is academic.
BARROS, J.P., WOOTEN and WAN, JJ., concur.
CHAMBERS, J., dissents, and votes to affirm the order and judgment, with the following memorandum:
I would not dismiss the instant proceeding/action as academic, as I disagree with the [*2]majority's conclusion that Chapter 263 is an invalid law, for the reasons set forth in my dissent in Hoehmann v Town of Clarkstown (_____ AD3d _____ [decided herewith]). In reaching the merits of this appeal, I would affirm the Supreme Court's determination that Local Law 1-2023 of the Town of Clarkstown is invalid, because the Town Board of the Town of Clarkstown did not have "a majority plus one vote" to repeal Chapter 263. I agree with the court's reliance on its prior order dated March 15, 2023, in Hoehmann v Town of Clarkstown (Sup Ct, Rockland County, March 15, 2023, Puerto, J., index No. 035405/22), which I would affirm, wherein the court determined that Chapter 263 is a valid law (see Hoehmann v Town of Clarkstown, _____ AD3d _____).
Moreover, I would conclude that the parties' remaining contentions either are improperly raised for the first time on appeal or need not be addressed in light of the foregoing.
ENTER: Maria T. Fasulo
Clerk of the Court